Fbost, J.
delivered the opinion of the Court.
Ever since the case of Wells v. Spears, and Hughes v. Banks, it has been held that the implied warranty of soundness is not excluded by a written contract of sale, though it be a specialty, and contain a warranty of title. The general rule is that a warranty is not implied against defects which are obvious, or of which the purchaser is notified. But if, by fraud, misrepresentation or deceit, the purchaser is misled, respecting the character, extent or probable consequences of the defect or disease, of which he has notice, a warranty is implied. In the English Courts, because the doctrine of implied warranty is not received, deceit is held equivalent to express warranty, for which assumpsit may be maintained ; and it is not necessary to declare in case for the deceit. As in Wood v. Smith, the defendant, in selling a horse, refused to warrant it, and yet said “ it was sound so far as he knew f *72 it was held he was liable in assumpsit, as upon a qualified warranty, on proof negativing the soundness, and shewing the defendant knew the horse was unsound. But assumpsit is not admitted to be the proper remedy, in the case of a deceitful representation, not embodied in a written contract between the parties ; because it would amount to the admission . of parol evidence, to contradict a written contract. This objection does not apply in our law, because the implied warranty is, itself, an exception to the rule which excludes evidence of any terms or stipulations, not expressed in the written contract. The implied warranty subsists along with the written contract. The one is the act of the parties, the other is created by law, and is independent of any agreement. If the parties make a special contract of warranty, that the law executes, according to its terms and conditions; and parol evidence will not be received to contradict or vary it. If they stipulate against any warranty, the law does not impose an implied contract against their consent. But if the agreement contain no stipulation on the subject, then the law superadds the condition, that if a sound price be paid or contracted for, and the property be not sound, the purchaser shall not be held to the contract. Since the implied contract may subsist when there is a written contract, as when there is none, in either case the same evidence must be admissible. In Reid v. Duncan, Judge Nott left the question open, whether in case of deceit, in the sale of a slave, by deed, the action should be case or assumpsit; but, in either case, he held the fraud or deceit, being the ground of plaintiff’s right to recover, and the defendant’s knowledge of the facts relied on, must be alleged and proved. Brevard’s reports were not then published, and the learned Judge was not aware of the case of Houston v. Gilbert. That was assumpsit,' founded on deceit in the sale of a slave, by deed, warranting the title. Judge Brevard, delivering the judgment of the Court, says: “It is now settled law, though I know not how or when it was introduced, that, in an action of assumpsit, the plaintiff may recover on an express and also on an implied warranty, when there has been fraud in the contract. The circumstances of fraud must be stated with a scienter.” He suggests that it would be always advisable to join a count on the deceit, with counts on the warranty. The demurrer to the counts, founded on deceit, was properly overruled.
Meyer v. Ev-erth, 4 Camp. Powell v. Ed-munds, 12 Ea. 11.
2 McC. 167.
3 Brev. 64.
Cheves, 87.
But the Court is of opinion, the plaintiff’s right to recover was not restricted to those counts, and that the verdict may be supported on the implied warranty; on the principle re-cognised in Venning v. Gantt. In that case, the plaintiff had notice, from his unhealthy appearance, of the unsound state of the slave, but the character and commencement of the disorder having been misrepresented to him, it was held *73 he might recover on the implied warranty, on the ground that he had no notice of the disease from which the slave was suffering and afterwards died.
In this case Garvin knew the slave was sick, but he and his wife were put off their guard by the assurances of the defendant, that her disorder was slight, and that she was, at the time, convalescent, having been discharged by the physician. To confirm his assurances, he offered to keep the slave till she recovered; and by protestations of his sincerity in the representation that her ailment was transient, and that they should lose nothing, he put Garvin and his wife off their guard. Their attention and vigilance was diverted from the true character and consequences of the disease; and thus they had no notice of it. In any view of the case, the verdict is supported by the evidence, and the motion is refused,
Richardson, J. O’Neall, J. and Evans, J. concurred.

Motion refused.